**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

PASKENTA BAND OF NOMLAKI
INDIANS; PASKENTA ENTERPRISES
CORPORATION,

   Plaintiffs-Appellants,

v.

CORNERSTONE COMMUNITY BANK;
CORNERSTONE COMMUNITY
BANCORP; JEFFERY FINCK,

   Defendants-Appellees.

</td><td>

No. 17-15484

D.C. No.
2:15-cv-00538-MCE-CMK

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted January 26, 2021[**]
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs-Appellants Paskenta Band of Nomlaki Indians and Paskenta Enterprises Corporation (collectively, Paskenta) appeal the district court's grant of summary judgment in favor of Defendants-Appellees Cornerstone Community Bank, Cornerstone Community Bancorp, and Jeffrey Finck (collectively, Cornerstone). We have jurisdiction under 28 U.S.C. § 1291, and reviewing *de novo*, *see Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) affirm.

The agreement between Paskenta and Cornerstone contained a provision releasing Cornerstone from "all claims . . . , known or unknown, suspected or unsuspected." Paskenta has not raised a material issue of fact regarding economic duress, which would permit Paskenta to avoid the release. *See Rich & Whillock, Inc. v. Ashton Dev., Inc.*, 157 Cal. App. 3d 1154, 1158-59 (1984) (explaining the standard for establishing economic duress). "[T]he taking of legal action or the threat to take such action" does not qualify as duress unless "the action taken or threatened involves the assertion of claims known to be false." *Louisville Title Ins. Co. v. Sur. Title & Guar. Co.*, 60 Cal. App. 3d 781, 801 (1976) (citations omitted).

Paskenta acknowledges that Cornerstone faced exposure from the new and old tribal councils. Interpleader is an appropriate option when a stakeholder is

faced with potential liability to two claimants.[1]  *See Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th 1329, 1341(2001).  Section 386(b) of the California Code of Civil Procedure also expressly provides for interpleader when "multiple claims are made, or may be made, by two or more persons which are such that they may give rise to double or multiple liability."  Cal. Code Civ. Proc. § 386(b); *see also Perez v. Uline, Inc.*, 157 Cal. App. 4th 953, 959 (2007) (declining to find economic duress despite assertions that "defendants knew, but failed to tell [plaintiff], the reason for his termination was wrongful, thereby 'depriving him of future income'"); *San Diego Hospice v. Cty. of San Diego*, 31 Cal. App. 4th 1048, 1051, 1508 (1995) (holding that duress could not be invoked to set aside a release when the duress did not arise from the "refusal to pay an acknowledged debt").  Because Paskenta failed to raise a material issue of fact regarding the enforceability of the release, the district court properly granted summary judgment

---

[1] In its Opening Brief, Paskenta argues that questions of fact remain as to the "scope" of the release.  However, Paskenta did not raise that issue before the district court, and we decline to address it.  *See Slaven v. Am. Trading Transp. Co., Inc.*, 146 F.3d 1066, 1069 (9th Cir. 1998) ("It is well-established that an appellate court will not consider issues that were not properly raised before the district court").

3

in favor of Cornerstone.[2]  *See Sheehan*, 812 F.2d at 468-69 (affirming summary judgment when the evidence in the record failed to establish a genuine issue of material fact showing that the release was the result of economic duress).

**AFFIRMED.**

---

[2] The district court also did not err when implicitly denying Paskenta's request for additional discovery under Federal Rule of Civil Procedure 56(d).  *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 676 (9th Cir. 2018) (treating a "district court's failure specifically to address the Rule 56(d) request as an implicit denial").  Paskenta failed to show that the facts it hoped to elicit from further discovery were "essential to oppose summary judgment."  *Id.* at 678.